Grafton
No. 86-108

THE STATE OF NEW HAMPSHIRE

v.

REGINALD D. JOHNSON

December 30, 1986

*Stephen E. Merrill,* attorney general (*William H. Lyons,* attorney, on the brief and orally), for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

MEMORANDUM OPINION

The defendant, Reginald Johnson, stands convicted of two counts of possession of stolen property, RSA 637:7 (1986), and has been sentenced to two concurrent terms of 6 to 12 years at the New Hampshire State Prison. Prior to trial, defendant moved to suppress evidence obtained under a search warrant, alleging, *inter alia,* that the supporting affidavit was insufficient. The Superior Court (*Murphy,* J.) ruled that the supporting affidavit was sufficient and that the evidence specified with particularity in the warrant was properly seized. Defendant appeals the denial of his motion to suppress, arguing that the search warrant was invalid because the sup-

34

porting affidavit did not provide sufficient information for the magistrate to independently determine probable cause.

■■ The defendant's brief did not "specifically invoke a provision of the State Constitution" and thus did not raise a State constitutional claim. *State v. Dellorfano*, 128 N.H. 628, 632, 517 A.2d 1163, 1166 (1986). Under the fourth and fourteenth amendments to the Federal Constitution, the search warrant was clearly valid. Eyewitness-victims are presumptively credible, *United States v. Phillips*, 727 F.2d 392, 397 (5th Cir. 1984), and the information in the supporting affidavit was based almost entirely on the personal observations of the owners of the stolen property. The owners recognized the property in question as property which had been stolen from them several months before, described it with a high degree of specificity, and informed the police of its location at the defendant's premises. On the basis of these facts, the magistrate properly concluded that there was probable cause to search the defendant's premises. Accordingly, the judgment below is affirmed.

*Affirmed.*